UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARILYN CORNELIUS,

    Plaintiff,

v.                                                                    21-CV-511

WALMART, INC.,

    Defendant.

---

### DECISION AND ORDER

Plaintiff Marilyn Cornelius commenced this action on April 16, 2021, seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York Human Rights Law, N.Y. Exec. L. § 296 *et seq.* ("NYHRL"). Dkt. 1. The Complaint asserts claims of discrimination, harassment, and retaliation. *See id.*

This Court ultimately referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 14. On August 27, 2021, Defendant moved to dismiss the Complaint. Dkt. 11. Plaintiff opposed Defendant's motion, and Defendant replied. Dkt. 17, 22.[1]

On July 20, 2022, Judge Foschio issued a Report and Recommendation ("R&R") recommending that this Court grant Defendant's (Dkt. 11) motion to

---

[1] Defendant's submission also included a motion to strike Plaintiff's opposition (Dkt. 17) as untimely. *See* Dkt. 22, at 1-4.

dismiss. *See* Dkt. 24, at 31.[2] Specifically, Judge Foschio recommended that this Court dismiss Plaintiff's Title VII and ADEA claims that are "based on asserted discrete discriminatory actions that took place before May 22, 2020" as time-barred. *Id.* at 13. He further recommended that all of Plaintiff's claims should be dismissed as insufficiently pleaded. *See id.* at 14-30. Lastly, Judge Foschio recommended that "dismissal of the Complaint should be without prejudice and with leave to replead," *id.* at 30-31, reasoning that "the problems with Plaintiff's Complaint, as pleaded, are not substantive such that further pleading cannot cure them." *Id.* at 30.

On September 12, 2022, Plaintiff objected to the R&R. Dkt. 27. She argued that the "events that occurred are not time barred, because they were consistently occurring . . . ." *Id.* at 2. Defendant responded to Plaintiff's objections, and Plaintiff replied. Dkt. 30, 33.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[2] The R&R is combined with a Decision and Order denying Defendant's (Dkt. 22) Motion to Strike. *See* Dkt. 24, at 10-12.

This Court carefully reviewed the R&R, objections, and the parties' other submissions. Based on its *de novo* review, this Court accepts Judge Foschio's recommendation that it grant Defendant's (Dkt. 11) motion to dismiss the Complaint. However, this Court respectfully disagrees with the R&R's conclusion that "dismissal of the Complaint should be without prejudice and with leave to replead." *See* Dkt. 24, at 30-31.

Generally, "a *pro se* plaintiff should be granted at least one opportunity to amend." *Johnson v. New York City Police Dep't*, 651 F. App'x 58, 61 (2d Cir. 2016) (internal citation omitted). However, "leave to amend is not required if it would be futile." *Id.* Where a claim is time-barred, amendment would be futile. *See Tompkins v. AlliedBarton Sec. Servs.*, 424 F. App'x 42, 43 (2d Cir. 2011) (concluding that district court did not abuse its discretion in denying leave to amend Complaint where it was "clear from the record that amendment of [Plaintiff's] complaint . . . would have been futile because the claim was untimely").

As discussed in the R&R, Plaintiff's Title VII and ADEA claims are time-barred to the extent they are "based on asserted discrete discriminatory actions that took place before May 22, 2020." *See* Dkt. 24, at 13. Accordingly, those claims are dismissed without leave to amend. The balance of the Complaint is dismissed with leave to amend.

For the reasons stated above and in the R&R, the Court GRANTS Defendant's motion to dismiss (Dkt. 11). The Court further GRANTS Plaintiff leave to amend the Complaint, except as to any claims under Title VII and the ADEA

based on discrete acts that took place before May 22, 2020. Plaintiff's amended complaint is due 21 days after receipt of this Order. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of September 8, 2021. *See* Dkt. 14.

SO ORDERED.

Dated:   January 6, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE